IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE HAYNES FAMILY TRUST and WILLIAM BRYCE ARENDT, | § § § | |
| Plaintiff Below-Appellant, | § | No. 515, 2015 |
| v. | § § | Court Below: Court of Chancery of the State of Delaware |
| KINDER MORGAN G.P., INC., TED A. GARDNER, GARY L. HULTQUIST, and PERRY M. WAUGHTAL, | § § § § § | C.A. No. 10093-VCL |
| Defendants Below-Appellees. | § § § | |

Submitted: March 9, 2016
Decided: March 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices; and **RENNIE**, Judge,[*] constituting the Court *en banc*.

## **ORDER**

This 10th day of March 2016, having considered this matter on the briefs and after oral argument, it appears to the Court that:

(1)    In a careful decision, the Court of Chancery dismissed the claims of unitholders of a limited partnership who alleged that a going-private transaction was unfair.  On appeal, the unitholders reiterate the arguments made below, which largely rest on their contention that they ought to be able to litigate this case as if they were investors in a corporation, whose directors had the traditional duties of

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

loyalty and care. But, the unitholders were investors in a limited partnership under

a statute that permits limited partnership agreements to eliminate fiduciary duties

and restrict investors to relying upon the agreement's terms for protection.[1] As we

and the Court of Chancery have long noted, investors in these agreements must be

careful to read those agreements and to understand the limitations on their rights.[2]

Here, the Court of Chancery properly held that there was no room for a substantive

---

[1] *See* 6 *Del. C.* § 17-1101(f) ("A [limited] partnership agreement may provide for the limitation or elimination of any and all liabilities for breach of contract and breach of duties (including fiduciary duties) of a partner or other person to a limited partnership or to another partner or to another person that is a party to or is otherwise bound by a partnership agreement; provided, that a partnership agreement may not limit or eliminate liability for any act or omission that constitutes a bad faith violation of the implied contractual covenant of good faith and fair dealing."); *see also* 2 R. FRANKLIN BALOTTI & JESSE A. FINKELSTEIN, THE DELAWARE LAW OF CORPORATIONS & BUSINESS ORGANIZATIONS § 21.6, at 21-7 (3d ed. 2016) ("A [limited] partnership agreement may provide for the limitation or elimination of any and all liabilities of a partner or other person to a Delaware limited partnership or to another partner or to another person that is a party to or is otherwise bound by a partnership agreement. . . . As a result, a partnership agreement may aggressively exculpate a general partner from liability to the limited partnership and the other partners and, given the policy of the Act [to give effect to freedom of contract], such provision in a partnership agreement should be enforced.") (internal citation omitted).

[2] *See, e.g.*, *Norton v. K-Sea Transp. Partners LP*, 67 A.3d 354, 368 (Del. 2013) ("Norton willingly invested in a limited partnership that provided fewer protections to limited partners than those provided under corporate fiduciary duty principles. He is bound by his investment decision."); *Lonergan v. EPE Holdings, LLC*, 5 A.3d 1008, 1018 (Del. Ch. 2010) ("When parties exercise the authority provided by the LP Act to eliminate fiduciary duties, they take away the most powerful of a court's remedial and gap-filling powers. As a result, parties must draft an LP agreement as completely as possible, and they bear the risk of incompleteness. If the parties have agreed how to proceed under a future state of the world, then their bargain naturally controls."); *Miller v. Am. Real Estate Partners, L.P.*, 2001 WL 1045643, at *8 (Del. Ch. Sept. 6, 2001) ("This court has made clear that it will not [be] tempted by the piteous pleas of limited partners who are seeking to escape the consequences of their own decisions to become investors in a partnership whose general partner has clearly exempted itself from traditional fiduciary duties. The DRULPA puts investors on notice that fiduciary duties may be altered by partnership agreements, and therefore that investors should be careful to read partnership agreements before buying units.").

judicial review of the fairness of the transaction, because the general partner had complied with its contractual duties in the approval process of the merger and that compliance conclusively established the fairness of the transaction, precluding the judicial scrutiny that the unitholders now seek.[3]

(2) Likewise, the Court of Chancery properly held that the unitholders could not seek to hold the general partner or the other defendants responsible for duties inconsistent with the agreement, simply because the approval committee opined as to its view of the fairness of the transaction to the unitholders unaffiliated with the general partner.[4] This case therefore stands as another reminder that with the benefits of investing in alternative entities often comes the limitation of looking to the contract as the exclusive source of protective rights.

NOW, THEREFORE, having carefully and accurately applied the terms of the limited partnership agreement to the unitholder's claim, the judgment of the Court of Chancery is AFFIRMED on the basis of its well-reasoned decision of August 20, 2015.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *See In re Kinder Morgan, Inc. Corporate Reorganization Litig.*, 2015 WL 4975270, at *8 (Del. Ch. Aug. 20, 2015).
[4] *See id.* at *8–9.